**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JENNIE L. EDINGER, *individually and*<br>*on behalf of all others similarly situated,* | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-202 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| REED OIL COMPANY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT**

The Plaintiff's Motion (Doc. 28) for preliminary approval of class action settlement is

**GRANTED**, and the Court finds as follows:

1.      The Settlement Agreement is **PRELIMINARILY APPROVED** based upon the

Court's preliminary determination that the proposed settlement is fair, reasonable, and adequate

and that Plaintiffs are likely to satisfy the class action requisites set forth in Federal Rule of Civil

Procedure 23(a)-(b) for purposes of a settlement class only;

2.      For the sole purpose of settlement, the Court conditionally certifies the following

class (the "Settlement Class") pursuant to Federal Rule of Civil Procedure 23(b)(3):

> *All individuals who were employed by Reed Oil on an hourly, non-*
> *exempt basis and who received comp-time in lieu of overtime*
> *premium pay in any workweek since February 7, 2010 to the*
> *present.*

A list of all individuals falling within this class definition is attached to the Settlement

Agreement as Exhibit B.

3.      For the purposes of settlement only, the Court hereby appoints Jennie L. Edinger as class representative of the Settlement Class.

4.      For the purposes of settlement only, the Court hereby appoints Attorney Sunshine Fellows, Esq. of Carlson Lynch LTD, as class counsel ("Class Counsel") under Federal Rule of Civil Procedure 23(g) to represent the Settlement Class.

5.      The proposed notice form attached to the Settlement Agreement as Exhibit A is approved as to form and substance, as it fairly and accurately describes the terms of the proposed settlement and the settlement approval process;

6.      The notice process described in the Settlement Agreement constitutes due and sufficient notice in compliance with the requirements of Federal Rule of Civil Procedure 23 and due process of law, and, as such, the parties shall fully comply with the following notice process, as described in paragraph 11 of the Settlement Agreement:

> No later than seven (7) days after the Preliminary Approval Date, Reed Oil's Counsel shall provide to Class Counsel the last known addresses, as reflected in Reed Oil's company records, for all Settlement Class Members. No later than fourteen (14) days after the Preliminary Approval Date, Class Counsel shall mail the Notice Form to all Settlement Class Members, and, in addition, Reed Oil shall distribute the Notice Form to all Settlement Class Members currently employed by Reed Oil. If the United States Postal Service returns any Notice Forms to Class Counsel with a forwarding address, Class Counsel will promptly mail the forms to the forwarding address. If the United States Postal Service returns any Notice Forms to Class Counsel without a forwarding address, Class Counsel will make all good faith efforts to obtain updated addresses and promptly re-mail the forms to any updated address. Class Counsel shall describe all such efforts to the Court in its motion in support of final approval of the settlement.

7.      Settlement Class members who do not opt-out of the settlement in accordance with the procedures described in the notice form may file written comments, opposition, or objections to the proposed settlement or Class Counsel's application for attorney's fees and

litigation expenses, provided that such written comments, opposition or objections are received by the Court and/or counsel and are postmarked on or before **January 27, 2014**. Class Counsel shall ensure that such objections are filed with the Court by **February 3, 2014**;

8.      Settlement Class members who do not opt-out of the settlement in accordance with the procedures described in the notice form may appear at the final approval hearing to comment on or oppose the proposed settlement or Class Counsel's application for attorney's fees and litigation expenses;

9.      On or before **February 14, 2014**, Class Counsel shall file any moving papers in support of final approval of the settlement and for approval of attorneys' fees and reimbursement of litigation costs and expenses, including a joint motion for final approval of class action settlement. Counsel shall attach to the motion a signature-ready proposed order. **The proposed order shall briefly address the parties' compliance with the CAFA notice requirements**; and any further relief sought by the parties before the entry of final judgment shall be addressed in motion(s) and/or proposed order(s) filed contemporaneously with the motion for final approval;

10.     Pursuant to Federal Rule of Civil Procedure 23(e), a hearing regarding final approval of the settlement and the fee application shall be held on **February 24, 2014 at 2:15 p.m.** in Courtroom #6B, 700 Grant Street, Pittsburgh, PA 15219;

11.     All proceedings in this action are hereby stayed pending the hearing on final approval of the Settlement.

IT IS SO ORDERED.


October 29, 2013                                     s\Cathy Bissoon_____
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record