# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIE L. EDINGER, individually and on behalf of all others similarly situated, | )<br>)<br>) Case No. 2:13-cv-00202-CB |
| Plaintiff, | )<br>)<br>) *Electronically Filed* |
| v. | )<br>) |
| REED OIL COMPANY, INC., | )<br>) |
| Defendant. | )<br>) |

## [PROPOSED] JUDGMENT AND ORDER OF DISMISSAL

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Class Action Settlement and Release (the "Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class, and Defendant Reed Oil Company, Inc.

3. The Court finds that the distribution of the Notice of Class Action Settlement to Class Members, as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice practicable under the circumstances to all Persons within the

definition of the Class and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice to the class was adequate.

4.     Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendant's notification complies fully with the applicable requirements of CAFA.

5.     The Court finds in favor of settlement approval.

6.     The Court approves the settlement of the above-captioned action, as set forth in the Agreement, as fair, just, reasonable, and adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Agreement.

7.     Except as to any individual claim of those persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Class, all of the Released State Law Claims are dismissed with prejudice as to the Class Representative and the other Members of the Settlement Class.  The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Agreement.

8.     Solely for purposes of effectuating this Settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Agreement.

9.     The Court finds, for settlement purposes only, that that the Settlement Class meets the requirements for certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rule of Civil Procedure in that: (1) the class is so numerous that joinder is impracticable; (2) there are questions of law and fact that are common to all Class Members, which questions predominate over individual issues; (3) Plaintiff's claims are typical of the claims of the Class Members; (4)

Plaintiff and her counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient resolution of the controversy.

10. By this Judgment, the Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members who has not validly and timely requested exclusion from the Settlement shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged Defendant, and each of its affiliates (including without limitation parents and subsidiaries), predecessors, successors, divisions, joint ventures, related companies and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives ("Reed Oil Releasees"), from any and all applicable state law wage-and-hour claims, obligations, demands, actions, rights, causes of action, and liabilities against the Reed Oil Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including claims that the Class Member does not know or suspect to exist in his or her favor at the time of the entry of the Court's Judgment in the Litigation, based on the Settlement Class Member's employment with Reed Oil for any type of relief, including without limitation claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims asserted in the Litigation which arise under the laws of Pennsylvania; (b) any and all claims under Pennsylvania law for the failure to pay any type of overtime compensation or minimum wage to Class

Members, including, but not limited to, claims under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.*; Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. Ann. § 333.101 *et seq.*; and/or 34 Pa. Code § 231.1; (c) any and all claims which arose under Pennsylvania law for any alleged violations of wage and hour laws; and (d) any and all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (c) above under any applicable law (collectively "Released State Law Claims").

11. Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released State Law Claims, or of any wrongdoing or liability of Defendant or any of the Reed Oil Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant or any of the in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendant or any of the Reed Oil Releasees may file the Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in the amount of $17,500.00 in this matter. The Court finds that this agreement is fair and reasonable. Defendant is directed to make such payment in accordance with the terms of the Agreement.

13. This matter is hereby dismissed with prejudice. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Settlement Class and

Defendant for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Judgment.

14. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: __May 21__, 2014           _s\Cathy Bissoon_____
                                   The Honorable Cathy Bissoon

## ATTACHMENT A

Heidi Gehenio
Rachel Butchelle
Traci Brothers
Susan Latimer